**Craig Morris, #011628**
Mailing Address:
31 North 6th Avenue #105-152
Tucson, AZ 85701
TELEPHONE 520.544.9094
FACSIMILE 520.989.6269
MAIL@DCKTRUSTEE.COM

Attorney for Dianne Crandell Kerns, Trustee

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| In re: | CHAPTER 13 PROCEEDINGS |
|---|---|
| ERIN A WILLETT, | Case No. 4:19-bk-15365-BMW |
| Debtor. | **TRUSTEE'S PLAN OBJECTION/EVALUATION WITH NOTICE OF POTENTIAL DISMISSAL IF CONDITIONS ARE NOT SATISFIED** |
| | **RE: 3rd AMENDED PLAN (DKT #39)** |

DIANNE CRANDELL KERNS, Trustee, has analyzed the above-referenced plan and supporting documents on February 2, 2021 and submits the following evaluation and recommendations:

**General Requirements:**

a. Due to the possibility of errors on the claims docket, it is the Attorney's responsibility to review all proofs of claim filed with the Court and resolve any discrepancies between the claims and the Plan prior to submitting any proposed Stipulated Order Confirming Plan to Trustee. Trustee will not recommend confirmation, nor stipulate to confirmation, until the proof of claims issues are resolved to Trustee's satisfaction.

b. Requests by Trustee for documents and information are not superseded by the filing of an amended or modified plan. LRBP Rule 2084-10(b).

c. Trustee objects to any reduction in the Plan duration or payout in a proposed Stipulated Order Confirming Plan unless an amended or modified plan is filed (using Local Form 2084-4, Chapter 13 Plan) and noticed out.

d. Trustee requires that any proposed Order Confirming Plan state: "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

e. Trustee requires that any Stipulated Order Confirming Plan state: "Debtor is instructed to remit all payments on or before the stated due date each month. Debtor is advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before a discharge can be entered. This requirement is effective regardless of plan payment suspensions, waivers or moratoriums, and must be included in any Stipulated Order Confirming."

f. At the time of confirmation, Debtor is required to certify, via language in the Stipulated Order confirming, that they are current on all payments that have come due on any Domestic Support Orders since the filing of their case and that they are current on all required tax return filings [pursuant to 11 U.S.C. Sec 1325(a)(8), (9)].

g. Debtor or Debtor's Attorney is required to provide copies of their federal and state income tax returns for each year for the duration of the Plan to Trustee. Tax returns must be forwarded **within 14 days after the returns have been filed**. All Personally Identifiable Information must be redacted prior to submission. Tax returns may be submitted to mail@dcktrustee.com. This requirement is to be included in the Stipulated Order Confirming the plan. Failure to submit tax returns may result in the dismissal of the Chapter 13 case.

h. If Debtors received a tax refund larger than $1,000.00 for the tax period preceding the filing of this case, the continuation of such deduction would constitute a diversion of income that would otherwise be available to creditors. Accordingly Trustee requires that Debtors (i) adjust payroll tax deductions to prevent over withholding, (ii) amend Schedule I to reflect the reduced withholding; (ii) submit to Trustee two consecutive paystubs to verify said reduction; and (iv) increase the plan payments in the Stipulated Order Confirming.

i. If Debtors are in default (in any amount) on their first mortgage the plan must propose mortgage conduit payments. If the plan does not propose a mortgage conduit, Trustee objects to confirmation. This may be resolved by amending the plan or seeking an order from the court excusing compliance with the conduit requirement. L.R.B.P. Rule 2084-4(b).

**Specific Requirements:**

1. <u>Tax Refunds</u>. If Debtor receives a tax refund in excess of $1,000 during the pendency of this case, said refund must be turned over to Trustee. The proposed stipulated order on confirmation needs to specifically provide that such refund is a SUPPLEMENTAL payment under the plan.

2. <u>The Order Confirming Plan Must Contain the Following Language Related to Treatment of General Unsecured Claims</u>: "General Unsecured Claims. Such claims shall be paid pro rata the balance of payments under the Plan and any unsecured debt balance remaining unpaid at the end of the Plan may be discharged as provided in 11 U.S.C. § 1328(a)."

3. **<u>Filed Proofs of Claim</u>. To date Trustee has noted that the following Creditors have filed proofs of claim that differ from the treatment proposed in the Chapter 13 Plan. <u>Trustee objects to the treatment of these proofs of claim. This objection may be resolved by amending the secured/priority treatment to match the proofs of claim in the Stipulated Order Confirming the Plan or by filing an objection followed by an order</u>: THE OASIS AT MAGIC RANCH HOA and US BANK. This objection extends to proofs of claim, if any, filed after the date of this evaluation/objection which seek treatment different from that provided for in the proposed Chapter 13 Plan.**

4. <u>Student Loans</u>. The Trustee notes that there are student loans in this case. The Trustee encourages counsel to have the debtor run a free Financial Aid Review at [www.studentaid.gov](www.studentaid.gov) to ascertain the exact amount of all student loans, the servicers, and the status of payments**.**

5. **<u>THE OASIS AT MAGIC RANCH HOA Amended Proof of Claim 3.</u> Trustee objects to confirmation because Creditor has filed a secured proof of claim in the amount of $1,290.20 for Debtor's HOA and Debtor's plan proposes to pay $740.70. This objection may be resolved by addressing the proof of claim balance and the amounts filed by Creditor and have order confirming match the claim balance or file an objection to the proof of claim followed by an order.**

6. **<u>Debtor's Objection to Proof of Claim 4.</u> Trustee objects to confirmation as an objection to proof of claim 4 filed on May 1, 2020 will need to be completed. This objection may be resolved by either filing the order for the objection or withdrawing the objection.**

7. **US BANK Proof of Claim 11.  Trustee objects to confirmation as the creditor has filed a secured proof of claim in the amount of $2,589.69 in home arrearages on Debtor's 1st mortgage and Debtor's plan proposes to pay $0.00 in home arrearages. This objection may be resolved by addressing the proof of claim and the amounts filed by creditor and have the order confirming match the claim or file an objection to the proof of claim followed by an order.**

8. **Notice of Post-Petition Mortgage Fees. Trustee objects to confirmation because there is a post-petition mortgage fee claim filed by Creditor US BANK which has not been included in Debtor's plan. This objection may be resolved by either including the fee in the plan or by filing a motion to determine whether payment of the claimed fee is required to cure a default or maintain payments in accordance with 11USC 1322(b)(5).**

9. Unfiled Proofs of Claim. To date the following creditors listed in the Plan have not filed proofs of claims: **NONE**. Trustee reserves the right to supplement or amend this paragraph.

10. Plan Payments.  Debtor has made payments in the total amount of $9702.08.  Debtor is delinquent in the amount of $1596.32 through January 21.  Trustee will not stipulate to confirmation unless the plan payments are current.  Plan payment information may be obtained by logging on to www.ndc.org.  In general, the information on this website is 24-hours old. **Trustee advises plan payment start date is not listed. The bankruptcy was filed on the December 5, 2019 and payment start date has been set for January 5, 2020.**

11. **Plan Payments for Debtor's Amended Plan. Trustee objects to confirmation because the plan payment schedule does not reflect the payments that have already been made to date.  This objection may be resolved by amending the plan payments so that the plan payment schedule reflects the actual payments already made to Trustee as of the date of the amended plan.**

12. **Plan Summary Section (i).  Trustee objects to confirmation as Debtor's plan summary section (i) states the amount going to Debtor's ongoing mortgage is $45,759.55; however, Trustee shows that an amount of $43,796.55 is the total amount to be paid in ongoing mortgage payments.  This objection may be resolved by Debtor's Attorney increasing Debtor's plan funding to include the $43,796.55 in ongoing mortgage payments.**

13. **Conduit Payment Schedule Details.** **Trustee objects to confirmation because the plan does not state the number of conduit payments to be paid through the plan. This objection may be resolved by including the following varying provision with the appropriate information included:** *"The conduit shall be paid by Trustee through the plan beginning in month <<plan month>> of the plan for the mortgage payment due to creditor on <<date>>. The conduit shall be paid through the plan for a total of <<number of months>> monthly mortgage payments. For any month where the balance on hand in Debtor's account is insufficient to allow disbursement of the conduit payment and adequate protection payments that have come due, the amount due for that month will be paid to creditor on the next regular disbursement date when Debtor's account balance has sufficient funds."*

14. Documents Requested by Trustee. Any documents that have been requested will need to be provided within 30 days. Such documents should be sent to Trustee with a cover letter outlining and describing the documents. **Any documentation submitted must be legible, organized by category and month, totaled and averaged (i.e. "show your work"). If Debtors fail to follow this guideline, Trustee will not consider any information as being received and a Dismissal Order may be lodged for failure to comply. Debtor is also required to submit a written explanation justifying the reasonable NECESSITY of the excessive expenses.**

15. **Adequate Protection Payments. Trustee objects to confirmation because the requirements of Local Rule 2084-6 (http://www.azb.uscourts.gov/rule-2084-6) have not been met. Currently, Trustee is unable to disburse adequate protection payments to FLAGSHIP CREDIT ACCEPTANCE in the amount of $200.00 as listed in the Chapter 13 Plan. Adequate protection payments may not commence until a proof of claim has been filed and written request to commence payments has been received from either Debtor or the creditor (http://www.dcktrustee.com/forms.html see AP commencement notice). This objection may be resolved by ensuring that a proof of claim has been entered on the claims registry and notice to commence adequate protection payments has been filed on the docket.**

16. Liquidation Analysis: At this time Trustee believes that the plan **does** satisfy the liquidation analysis requirements. Trustee reserves the right to amend this conclusion.

17. **Projected Disposable Income: At this time Trustee believes that the plan does not satisfy the projected disposable income requirement of Sec 1325(b). Trustee reserves the right to amend this conclusion.**

18. **Plan Feasibility.** The Chapter 13 plan is not feasible as currently proposed. There is a shortfall in funding in the approximate amount of $40,193.40 including Trustee's 10%. This shortfall amount assumes payment of all projected disposable income under the plan. According to Debtor's Form 122C-2, the disposable income of $543.82, multiplied by 60 months, results in a dividend to unsecured creditors of $32,629.20. This calculation does not address additional funding shortfalls that will arise in the event that the debtor misses a plan payment or is late in making plan payments. The plan should be modified to provide sufficient cushion to address reasonably foreseeable events. Trustee reserves the right to file an amended evaluation requiring adjustments to the terms of the plan, including an increase in plan funding if necessary, in order to address all timely filed proofs of claim once the claims bar date has passed in this case.

19. **Objections to Confirmation.** Debtor shall resolve plan objections by submitting a proposed SOC to Trustee or by setting a hearing on the objection <u>within 30 days of this objection/evaluation</u>. If Debtor wishes to confirm by stipulation, the stipulation of the objecting creditor must be obtained in writing prior to submitting a proposed SOC to Trustee. If the resolution of the objection requires changes which have an adverse impact on any other creditor under the plan (including a reduction in the amount to any creditor and/or a delay in payment), the changes must be noticed to creditors and an opportunity for objection provided. To date Trustee has noted that the following creditors have filed objections to the Chapter 13 Plan: THE OASIS AT MAGIC RANCH HOMEOWNERS ASSOCIATION and US BANK.

20. Submission of Proposed SOC. If Debtors propose to confirm the plan through a stipulated order on confirmation, a Notice of Submitting Proposed SOC should be filed with the Court, including a complete copy of the Proposed SOC as an exhibit. The Notice, SOC, and filing receipt may then be transmitted to Trustee via electronic mail (mail@dcktrustee.com) or first class mail. Trustee will not review a proposed SOC if it does not appear on the court's docket. [1] Trustee considers the time for reviewing a proposed Order pursuant to LRBP Rule 2084-13(e), to begin running when all Recommendation conditions are met.

RESPECTFULLY SUBMITTED this 4th day of February 2021.

---

[1] The alternative to stipulated confirmation is setting a contested confirmation hearing before the judge.

| | |
|---|---|
| 1 | OFFICE OF THE CHAPTER 13 TRUSTEE |
| 2 | 31 North 6th Avenue #105-152 |
| | Tucson, AZ 85701 |
| 3 | |
| | By /s/ Craig Morris ASB# 011628 |
| 4 | Craig Morris |
| | Staff Attorney for the Chapter 13 Trustee |
| 5 | |

6   A copy of the foregoing was filed with the
7   court and a copy was transmitted via
    electronic or first class
8   mail this 2/4/2021 to:

9   ERIN A. WILLETT
10  6516 E. LUSH VISTA VIEW
    FLORENCE, AZ 85132
11  Email: inkedmerin@gmail.com
    Debtor
12
13  RYAN ALLEN DORN
    My Arizona Lawyers, PLLC
14  dba MY AZ LAWYERS
    1731 W BASELINE RD #101
15  MESA, AZ 85202
    480-448-9800
16  Fax : 480-478-0714
    Email: ryan@myazlawyers.com
17  Attorney for Debtor

18  By: AVR

19

20

21

22

23

24

25

26